Contrary to respondent's contention, the court did not lack authority to grant the application on the ground that claimant's complaint was not timely filed with SDHR (*see generally,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950, 956-957). Claimant alleged "discriminatory conduct within the limitations period sufficiently similar to the alleged conduct without the limitations period to justify the conclusion that both were part of a single discriminatory practice, and that [claimant's] claim is therefore timely in its entirety under the continuing violation doctrine" (*Walsh v Covenant House,* 244 AD2d 214, 215; *see, Sier v Jacobs Persinger & Parker,* 276 AD2d 401; *see also, Matter of Town of Lumberland v New York State Div. of Human Rights,* 229 AD2d 631, 634; *Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights,* 225 AD2d 856, 858). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Notice of Claim.) Present—Green, J. P., Wisner, Scudder, Burns and Lawton, JJ.

■ In the Matter of the Estate of LINDA J. MANCUSO, Deceased, Respondent. DAVID F. MANCUSO, Appellant. (Appeal No. 1.) [722 NYS2d 651] —Order unanimously reversed on the law without costs, motion denied and application reinstated. Memorandum: Petitioner and Linda J. Mancuso (decedent) were married in 1985 and separated in 1994. Upon the death of decedent in 1997, her will was admitted to probate. Petitioner, who was disinherited, filed an application to have Surrogate's Court determine his right to elect against the will. Respondent, decedent's estate, moved for summary judgment dismissing the application, alleging that petitioner had been disqualified as a surviving spouse by abandoning decedent in 1994 and by failing to support her since that time. The court erred in granting respondent's motion. In view of the deposition testimony of petitioner that decedent asked him to leave the marital residence, we conclude that respondent failed to establish as a matter of law that petitioner abandoned decedent (*see,* EPTL 5-1.2 [a] [5]). Respondent also failed to establish as a matter of law that petitioner had sufficient means or ability to support decedent, an essential element of its non-support claim (*see,* EPTL 5-1.2 [a] [6]). (Appeal from Order of Monroe County Surrogate's Court, Ciaccio, S.—EPTL.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.

■ In the Matter of the Estate of LINDA J. MANCUSO, Deceased, Respondent. DAVID F. MANCUSO, Appellant. (Appeal No. 2.) [721 NYS2d 845] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984).

(Appeal from Order of Monroe County Surrogate's Court, Calvaruso, S.—Reargument.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.

■ JOSEPH BARSUK, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. (Appeal No. 1.) [722 NYS2d 192] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1980 the parties entered into a 10-year contract pursuant to which defendant was to sell its scrap metal exclusively to plaintiff. During the term of that contract, however, plaintiff became aware that defendant was selling scrap metal to other dealers. In 1991 plaintiff sued defendant for, *inter alia,* breach of contract. During discovery defendant learned that plaintiff's president, Joseph Barsuk, allegedly had made numerous secret payments to some of defendant's employees who dealt with plaintiff's contract. In 1997 defendant filed an amended answer that added 10 counterclaims and 11 defenses. Defendant moved for summary judgment dismissing the complaint, alleging that plaintiff had breached the implied covenant of good faith and fair dealing and was therefore precluded from any recovery. Plaintiff cross-moved for partial summary judgment dismissing the fourth counterclaim, alleging breach of contract, and for judgment in its favor on its cause of action for breach of contract. Supreme Court granted defendant's motion and denied plaintiff's cross motion (appeal No. 1). Thereafter, defendant moved for partial summary judgment on the fourth counterclaim, and plaintiff cross-moved for summary judgment dismissing the counterclaims as time-barred. The court granted defendant's motion and denied plaintiff's cross motion (appeal No. 2).

We agree with plaintiff that the court erred in granting defendant's motions and in denying plaintiff's cross motion for summary judgment dismissing the counterclaims as time-barred. The counterclaims are time-barred pursuant to CPLR 203 (f). The longest limitations period applicable to any of the counterclaims is six years, for breach of contract. The original answer was a general denial and the counterclaims were asserted in an amended answer served more than six years after the counterclaims accrued.

CPLR 203 (f) provides that a claim in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (*see, Darby & Darby v VSI Intl.,* 268